IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BETHANY BAUMANN, On Behalf of Herself and All Others Similarly Situated, | ) ) ) |
| *Plaintiff*, | ) COLLECTIVE AND CLASS ACTION ) ) CASE NO. 4:24-cv-00064 |
| v. | ) ) |
| BLUEGRASS HOSPITALITY GROUP, LLC and BLUEGRASS HOSPITALITY MANAGEMENT, LLC, | ) JUDGE _____ ) ) JURY DEMAND ) |
| *Defendants*. | ) ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**(DEMAND FOR JURY TRIAL)**

**I.  INTRODUCTION**

1. Plaintiff Bethany Baumann brings this action against Defendants Bluegrass Hospitality Group, LLC and Bluegrass Hospitality Management, LLC ("Defendants") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Indiana Wage Payment Statute ("IWPS"), I.C. § 22-2-5-1, *et seq.* Defendants paid certain employees, including servers and bartenders, a tipped hourly wage less than the FLSA's $7.25 per hour minimum wage (and the statutory $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek). Defendants instead relied on customer tips received by employees, pursuant to the "tip credit" provision of the FLSA, to satisfy their statutory minimum wage obligations. The employees Defendants paid in this manner are referred to herein as "Tip Credit Employees."

2. Defendants violated the FLSA because they: (1) failed to satisfy the notice prerequisite for taking the "tip credit"; and (2) required Tip Credit Employees to spend

1

substantial amounts of time performing non-tip-producing and directly supporting work tasks before and after serving customers and throughout their shift while being paid less than the statutory minimum wage. By failing to satisfy the requirements of the tip-credit provisions of the FLSA, Defendants forfeited their right to rely on the tip credit provision of the FLSA and failed to pay the required minimum wage (pursuant to 29 U.S.C. § 206) and overtime wage (pursuant to 29 U.S.C. § 207). Defendants violated the IWPS, I.C. § 22-2-5-1 by failing to pay Plaintiff and all other similarly situated employees the amounts due for all wages to which they are entitled by operation of law. Plaintiff asserts her FLSA claims on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b), and her IWPS claims as a class action, on behalf of herself and all others similarly situated, pursuant to Fed. R. Civ. P. 23.

## II. JURISDICTION

3. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

4. This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367.

5. Venue for this action properly lies in this district, pursuant to 28 U.S.C. § 1391, because Defendants do business in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. PARTIES

### A. Plaintiff

6. Plaintiff Baumann is a resident of Louisville, Jefferson County, Kentucky.

7. Defendants employed Plaintiff Baumann from approximately March 2023

through approximately March 2024 as both a server and bartender. From approximately March 2023 through approximately September 2023, Plaintiff Baumann worked at Defendants' Jeffersonville, Indiana restaurant location. Beginning in or around September 2023 until the end of her employment, Plaintiff Baumann worked at Defendants' Hurstbourne Parkway restaurant location in Louisville, Kentucky and on multiple occasions worked shifts at Defendants' St. Matthews restaurant location in Louisville, Kentucky. This action concerns only Plaintiff Baumann's claims from her employment at Defendants' Jeffersonville restaurant location.

8. Plaintiff Baumann received hourly wages of less than the FLSA's $7.25 per hour minimum wage, namely $2.13 per hour, plus customer tips. In other words, during this time, Plaintiff Baumann was a Tip Credit Employee as defined herein.

### B. Defendants

9. Defendant Bluegrass Hospitality Group, LLC is a Kentucky limited liability company doing business within this judicial district.

10. Defendant Bluegrass Hospitality Group, LLC is headquartered at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

11. Defendant Bluegrass Hospitality Group, LLC's registered agent is Brian J. McCarty, who can be served at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

12. Defendant Bluegrass Hospitality Group, LLC has at all relevant times been an employer within the meaning of the FLSA and the IWPS.

13. Defendant Bluegrass Hospitality Management, LLC is a Kentucky limited liability company doing business within this judicial district.

14. Defendant Bluegrass Hospitality Management, LLC is headquartered at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

15. Defendant Bluegrass Hospitality Management, LLC's registered agent is Brian McCarty, who can be served at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

16. Defendant Bluegrass Hospitality Management, LLC has at all relevant times been an employer within the meaning of the FLSA and the IWPS.

### IV. FACTS

17. Plaintiff and those similarly situated are current and former Tip Credit Employees (as defined above) of Defendants at one or more of the restaurants they operate in Indiana.

18. At all relevant times, Defendants paid Plaintiff and other Tip Credit Employees an hourly wage below the applicable minimum wage and minimum overtime wage rates.

19. Defendants purported to utilize the tip credit to comply with the FLSA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour) to pay Plaintiff and other Tip Credit Employees.

20. Prior to relying on the tip credit, employers are required to inform employees of certain information.

21. Defendants did not inform Plaintiff and other Tip Credit Employees of the required information prior to relying on the tip credit.

22. Defendants required Plaintiff and other Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work (*e.g.*, cleaning and preparing their sections, polishing and preparing dinnerware, stocking and restocking stations, etc.) while being paid an hourly wage below the applicable minimum wage rate.

23. At the beginning of their schedule shifts, Tip Credit Employees routinely spent one hour performing non-tip producing work, prior to serving customers.

24. At the end of their scheduled shifts, after serving customers, Tip Credit

Employees spent at least two hours performing non-tip producing work.

25. Throughout their scheduled shifts, during the time periods when customers were present in the restaurant, Tip Credit employees spent significant time, routinely at least 15 to 20 minutes per hour, performing non-tip producing work. In other words, such time was routinely in excess of twenty percent (20%) of their worktime.

26. Defendants did not track or record the amount of time Plaintiff and other Tip Credit Employees spent on these non-tip-producing and directly supporting tasks.

27. Defendants knew or acted with reckless disregard of the fact that their pay practices and policies for Plaintiff and other Tip Credit Employees violated the FLSA.

## V.  COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff asserts her FLSA claims as a collective action on behalf of the following employees who file their written consent pursuant to 29 U.S.C. § 216(b):

> All current and former Tip Credit Employees (as defined herein) of Defendants at their Indiana restaurants at any time since May 10, 2021.

29. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and these similarly situated individuals, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VI.  CLASS ACTION ALLEGATIONS

30. Plaintiff brings her IWPS claims on behalf of herself and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tip Credit Employees (as defined herein) of Defendants at their Indiana restaurants at any time since May 10, 2022.

(the "Rule 23 Class").

31. Plaintiff is a member of the Rule 23 Class she seeks to represent.

32. Defendants have employed hundreds of individuals as Tip Credit Employees at their Indiana restaurants. Thus, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

33. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Rule 23 Class she seeks to represent were subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example, whether Defendants: (1) provided Tip Credit Employees the required notice prior to relying on the tip credit provisions of the FLSA; (2) required Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work tasks at lower, sub-minimum-wage tipped hourly rates; and (3) failed to pay Tip Credit Employees all wages due.

34. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the IWPS was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendants' common pay policies and practices, which Defendants applied generally to all their Tip Credit Employees, including Plaintiff. Thus, in advancing her own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

35. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law, including under the IWPS.

36. By failing to pay Plaintiff and other Tip Credit Employees all required minimum and overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue their claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VII.  CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE AND
### OVERTIME REQUIREMENTS OF THE FLSA

37. All previous paragraphs are incorporated as though fully set forth herein.

38. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

39. Plaintiff and all similarly situated individuals are employees entitled to the FLSA's protections.

40. Defendants are employers covered by the FLSA.

41. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

42. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

43. The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

44. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiff and all similarly situated individuals,

they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m), (t).

45.     Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Plaintiff and all similarly situated individuals of the information required by the FLSA; and (2) requiring Plaintiff and all similarly situated individuals to spend substantial amounts of time performing non-tip-producing and directly supporting work (*i.e.*, work while not in an occupation in which they qualify as tipped employees) while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek).

46.     As a result of these practices, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations under the FLSA to Plaintiff and all similarly situated individuals.

47.     Therefore, Defendants have violated the FLSA's minimum wage and overtime requirements by paying Plaintiff and all similarly situated individuals an hourly wage below $7.25 for regular hours worked and below $10.88 for overtime hours worked (*i.e.*, hours worked over 40 in a workweek).

48.     In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II:
## VIOLATION OF THE IWPS

49.     All previous paragraphs are incorporated as though fully set forth herein.

50.     Plaintiff asserts this claim on behalf of herself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

51.     Plaintiff and the Rule 23 Class are employees entitled to the IWPS's protections.

52. Defendants are employers covered by the IWPS.

53. Defendants violated the IWPS, I.C. § 22-2-5-1, *et seq.*, by failing to pay Plaintiff and the Rule 23 Class the amounts due for all wages to which they are entitled by operation of law.

54. By law, Plaintiff and the Rule 23 Class are due to be paid $7.25 per hour for all regular time worked (time up to 40 hours per week), and $10.88 for all overtime worked (time in excess of 40 hours per week).

55. Defendant paid Plaintiff and the Rule 23 Class below the federal minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the federal minimum wage, as alleged herein.

56. Thus, by law, Defendant was not permitted to claim a tip credit, thereby bringing the wages of Plaintiff and the Rule 23 Class below the FLSA minimum for regular hours and overtime hours worked.

57. Plaintiff and the Rule 23 Class seek to recover under the IWPS the difference between what they were paid by Defendant and the amount to which they were entitled by law. Plaintiff and the Rule 23 Class do not seek recovery of any further amounts they may be owed under any collective bargaining agreement or any other potential source of entitlement.

58. As a result of these practices, Defendant paid Plaintiff and the Rule 23 Class less than the amount due under the law; that being $7.25 for all regular hours worked, and $10.88 for all overtime hours worked.

59. Defendant's actions and/or omissions were not in good faith.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others

similarly situated:

  A. An order authorizing prompt notice of this litigation under FLSA, pursuant to 29 U.S.C. § 216(b), to potentially similarly situated individuals, tolling the running of the statute of limitations for potentially similarly situated individuals until a ruling on notice, and permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

  B. An order permitting this litigation to proceed as a class action pursuant to the IWPS and Fed. R. Civ. P. 23 and authorizing prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Rule 23 Class;

  C. A finding that Defendants have violated the FLSA and the IWPS;

  D. A finding that Defendants' violations of the FLSA and the IWPS are willful and not in good faith;

  E. A judgment against Defendants and in favor of Plaintiff and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

  F. A judgment against Defendants and in favor of Plaintiff and the Rule 23 Class, pursuant to I.C. § 22-2-5-2, for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the IWPS;

  G. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

  H. Liquidated damages to the fullest extent permitted under the FLSA and the IWPS;

  I. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the IWPS, and the Federal Rules of Civil Procedure; and,

J.  Such other and further relief as this Court deems just and proper in equity and under the law.

### IX.  JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: May 10, 2024                                Respectfully submitted,

/s/ Jason P. Cleveland
**JASON P. CLEVELAND, #24126-53**
CLEVELAND LEHNER CASSIDY
1901 Broad Ripple Ave.
Indianapolis, IN 46220
Telephone: (317) 388-5424
Facsimile: (317) 947-1863
jason@clcattorneys.com

**DAVID W. GARRISON, (TN Bar # 24968)\***
**JOSHUA A. FRANK, (TN Bar # 33294)\***
**NICOLE A. CHANIN, (TN Bar # 40239)\***
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

\* Admission to be applied for

*Attorneys for Plaintiffs*